UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TERRY L. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 10-10131-PBS |
| CITY OF BOSTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF DECISION AND ORDER ON DEFENDANTS' MOTION TO STRIKE AND FOR SANCTIONS

August 7, 2012

DEIN, U.S.M.J.

## I.  INTRODUCTION

This case arises out of the arrest, prosecution and conviction of the plaintiff, Terry

L. Williams ("Williams"), for the assault and battery of Bobbie Jean Horsley ("Horsley")

on February 9, 2002.  Williams claims that no such incident occurred, and that he was

unlawfully framed for a crime which he did not commit.  Following the reversal of his

conviction and the dismissal of the criminal charges against him, Williams brought this

action pro se against the defendants, the City of Boston ("City"), Boston police officers

John Boyle ("Boyle") and William Kelley ("Kelley") (collectively, the "Officers"), and

various unnamed supervisors in the Boston Police Department, for alleged violations of

his constitutional and state law rights.

The matter is presently before the court on the defendants' motions for summary judgment (Docket Nos. 82 and 85).  In support of his opposition to those motions, Williams filed an affidavit from Horsley (the "Horsley Affidavit") in which she denies that the plaintiff attacked her or that any assault took place.  The defendants contend that Williams intentionally withheld the Horsley Affidavit from discovery, and lied about its existence, until it was advantageous for him to disclose it on summary judgment. Accordingly, they have filed "The Defendants, City of Boston, John Boyle, and William Kelley's, Motion to St[r]ike and Motion for Sanctions" (Docket No. 100), by which they are seeking an order striking the Horsley Affidavit and dismissing this action with prejudice as a sanction for Williams' conduct.

For all the reasons detailed herein, the defendants' motion to strike and for sanctions is ALLOWED IN PART and DENIED IN PART.  Although this court declines to strike the Horsley Affidavit or to recommend to the District Judge to whom this case is assigned that this matter be dismissed with prejudice, this court does find that a lesser sanction is warranted.  Therefore, as part of its Report and Recommendation on Defendants' Motions for Summary Judgment ("R&R") issued separately on this date, this court will recommend that the defendants have an opportunity to depose Horsley.  This court will further recommend that in the event Horsley cannot be located, or otherwise fails to appear and testify, her Affidavit be stricken from the record.  Moreover, this court will recommend that the defendants be given an opportunity to file a renewed motion for summary judgment regardless of whether Horsley is deposed.

## II.  <u>BACKGROUND</u>

In support of their motion, the defendants allege that Williams obtained the Horsley Affidavit before he was deposed or responded to any requests for discovery, but that he withheld it until February 17, 2012, when he filed the Affidavit as an exhibit in support of his opposition to the defendants' motions for summary judgment.  The defendants further claim that Williams falsely represented that he had not been in contact with Horsley, and had not received any statements from her, and that they were prejudiced as a result of Williams' conduct.  The defendants have no affirmative proof of these serious accusations, but rely on inferences they have drawn from the record.

The record shows that on November 29, 2011, the defendants propounded interrogatories to the plaintiff in which they requested that Williams identify all relevant witnesses and reveal whether he had received any oral or written statements from such witnesses, including Horsley.  (<u>See</u> Def. Ex. 2 at Interrogatory Nos. 4, 6 & 7).[1]  On that same date, the defendants propounded requests for the production of documents in which they requested that Williams produce any witness statements relating to the incident that occurred on February 9, 2002.  (Def. Ex. 5 at Request No. 4).  Williams was incarcerated at the time and has been throughout the relevant period.

On December 13, 2011, prior to receiving the plaintiff's responses to their written discovery, the defendants took Williams' deposition.  (Def. Ex. 4).  During his

---

[1]  The defendants' exhibits are attached to their motion to strike and for sanctions.

deposition, Williams was asked whether he had  seen or spoken to Horsley at any time after the events that had taken place on February 9, 2002.  (Id. at 70).  Williams denied that any such contact had been made.  (Id.).

The defendants filed their motions for summary judgment on December 30, 2011. (Docket Nos. 82 and 85).  As described in detail in this court's R&R, the Officers' motion is premised largely upon their assertion that during their investigation of the February 9, 2002 incident, Horsley told the Officers that Williams had grabbed her around the neck and stabbed her in the hand with a knife.  Thus, although the defendants still had not received Williams' responses to their written discovery requests, they argued that Horsley's statements to the Officers were undisputed and supported their motions for judgment as a matter of law.

Williams filed his pro se responses to the defendants' written discovery on January 10, 2012.  (Def. Ex. 3).  Therein, Williams identified Horsley by her first name, but denied that he had any relationship to her, had any contact information for her, or had obtained or received any statements from her.  (Def. Ex. 3 at Answer Nos. 4, 6 & 7). Williams also did not produce any witness statements in response to the defendants' request for the production of documents.

On February 17, 2012, Williams filed his oppositions to the defendants' motions for summary judgment.  (Docket Nos. 92-95).  In support of his oppositions, Williams filed various exhibits, including the Horsley Affidavit.  (See Docket No. 97 at Ex. F). Therein, Horsley denies that Williams ever touched her or stabbed her with a knife.  (Id.

-4-

¶¶ 13-16).  She also denies that she made any such statements to the Officers.  (<u>See</u> <u>id.</u> ¶¶ 10-12).  Accordingly, the Horsley Affidavit directly contradicts the Officers' evidence in support of their summary judgment motion, and undermines their assertion that their version of Horsley's statements to them is undisputed.

Significantly, the Horsley Affidavit is dated November 8, 2011.  (<u>Id.</u>).  Therefore, it predates Williams' deposition, as well as his responses to the defendants' written discovery requests.  The defendants have concluded, based on this fact, that Williams received the Affidavit from Horsley before any discovery took place, and that his failure to produce it or to disclose his knowledge of Horsley's whereabouts is improper.

In his opposition to the defendants' motion to strike and for sanctions, Williams contends that he did not receive the Horsley Affidavit until after the defendants had filed their motions for summary judgment on December 30, 2011, and after he had responded to discovery.  Specifically, Williams claims that he received the Affidavit from his sister, Evelyn, during the second week in January 2012.  (Pl. Opp. Mem. (Docket No. 101) at 1).  Given that he was incarcerated at the time, this scenario is plausible.  Williams also claims that if he had obtained the Horsley Affidavit earlier, he would have disclosed it because it would have demonstrated that he did not commit any crime.  (<u>Id.</u> at 2).  Moreover, he denies that he lied in his deposition, and insists that he has not spoken to or had any contact with Horsley since February 2002.  (<u>Id.</u> at 1-2).

### III.  <u>DISCUSSION</u>

The defendants argue that the Horsley Affidavit should be stricken, and the case dismissed, because they suffered severe prejudice as a result of Williams' conduct in withholding the Horsley Affidavit and lying under oath about being in contact with the witness.  As described above, Williams denies that he lied under oath or that he has had any contact with Horsley.  Moreover, he has provided an explanation for his failure to disclose the Horsley Affidavit in connection with his discovery responses.  Given Williams' representations regarding the circumstances under which he received the Affidavit, this court cannot conclude that Williams perjured himself or withheld the Affidavit intentionally in order to gain an unfair advantage.[2]

Even accepting Williams' description regarding his receipt of the Horsley Affidavit, however, the plaintiff still failed to comply with the discovery rules.  Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, a party who has responded to an interrogatory or request for production

> must supplement or correct its disclosure or response ... in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing ....

According to Williams' own representations, he received the Horsley Affidavit in early January 2012.  Under Rule 26(e), he should have produced it as a supplement to his

---

[2]  This is not to say that Williams' description of the circumstances under which he received the Horsley Affidavit do not leave some room for suspicion.  However, based on the present state of the record, this court cannot conclude that the defendants' accusations are accurate.

discovery responses instead of waiting over a month and filing it for the first time in

opposition to the summary judgment motions.

## Preclusion of Evidence

A party who fails to provide information or identify a witness as required by Rule

26(e) "is not allowed to use that information or witness to supply evidence on a motion,

at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Fed. R. Civ. P. 37(c)(1).  "Preclusion, however, 'is not a strictly mechanical exercise[,]'"

and the district court has broad discretion in imposing sanctions for Rule 26 violations.

Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 77-78 (1st Cir. 2009) (quoting

Santiago-Diaz v. Laboratorio Clinico Y De Referencia Del Este, 456 F.3d 272, 276 (1st

Cir. 2006)).  See also Fed. R. Civ. P. 37(c)(1)(C) (authorizing court to impose "other

appropriate sanctions" in lieu of preclusion).  The First Circuit has endorsed

consideration of a number of factors in deciding whether to preclude evidence.  Id. at 78.

Those factors include:

> (1) the history of the litigation; (2) the sanctioned party's need for
> the ... evidence; (3) the sanctioned party's justification (or lack of
> one) for its late disclosure; (4) the opponent-party's ability to
> overcome the late disclosure's adverse effects – e.g., the surprise and
> prejudice associated with the late disclosure; and (5) the late
> disclosure's impact on the district court's docket.

Id.  After consideration of the relevant factors, this court concludes that preclusion of the

Horsley Affidavit is not warranted, and that a lesser sanction is appropriate.

The history of the litigation reveals that Williams has responded to discovery propounded to him by the defendants, and that he has done so in a timely manner. Moreover, the docket indicates that Williams has filed timely responses to motions, and otherwise complied with court orders.  Thus, "[t]his is not a case of a party repeatedly balking at court-imposed deadlines." Id. at 79.  Additionally, no trial has yet been scheduled in this case.  Therefore, the plaintiff's late disclosure will have little if any impact on the court's docket.

The record on summary judgment shows that Williams' need for the Horsley Affidavit is significant.  As described above, Boyle's and Kelley's motion for summary judgment is premised mainly upon the statements that Horsley allegedly made to them during the investigation that led to Williams' arrest and ultimate conviction for an assault and battery.  Accordingly, Horsley is a critical witness in the case.  Furthermore, as illustrated in this court's R&R, the preclusion of the Horsley Affidavit would effectively eliminate Williams' ability to withstand summary judgment on certain of his claims, including his claim that Boyle violated his constitutional rights by fabricating a false police report against him, and that the Officers violated his state law rights by maliciously prosecuting him for assault and battery and assault and battery with a dangerous weapon. Where the preclusion of evidence will effectively result in the dismissal of a party's claims, the justification for such a sanction "must be comparatively more robust." Id. Given Williams' representations regarding his receipt of the Horsley Affidavit, and his denial that he was seeking to gain an unfair advantage or that he lied under oath about his

contact with Horsley, this court cannot conclude that his conduct in not producing the Affidavit sooner was sufficiently extreme to warrant such a harsh result.

The defendants argue that they have suffered extreme prejudice as a result of the plaintiff's actions.  However, Horsley was identified in police records as the victim of the alleged assault and battery.  Therefore, the defendants knew of her existence, and knew that she was a key witness in the case.  Additionally, the defendants filed their motions for summary judgment before they received Williams' responses to their written requests for any witness statements.  Therefore, any suggestion that they relied on those responses in connection with the filing of their motions is not persuasive.

None of this is to say, however, that Williams' actions were justified or that the defendants did not suffer prejudice.  An important objective of the discovery rules "is to avoid trial by ambush[.]"  Macaulay v. Anas, 321 F.3d 45, 50 (1st Cir. 2003).  The defendants were entitled to receive the Horsley Affidavit in connection with discovery.  Had Williams produced it to them at the time he received it in January 2012, the defendants could have sought to depose Horsley and could have requested the court's permission to supplement their summary judgment motions in order to address Horsley's testimony.  Nevertheless, the defendants have not shown that the prejudice they suffered was sufficiently severe to support preclusion of the Horsley Affidavit or the dismissal of the case with prejudice.

**Alternative Sanction**

Although this court declines to impose the severe sanctions requested by the defendants, this court does find that a lesser sanction is appropriate for Williams' failure to produce the Horsley Affidavit earlier.  Accordingly, in connection with this court's R&R, this court will recommend to the District Judge to whom this case is assigned that the defendants have an opportunity to take Horsley's deposition.  This court will further recommend that in the event Horsley cannot be located or otherwise fails to appear and testify, her Affidavit be stricken from the record.  Finally, this court will recommend that the defendants be given an opportunity to file a renewed motion for summary judgment, regardless of whether Horsley is deposed.

    / s / Judith Gail Dein
Judith Gail Dein
U.S. Magistrate Judge