UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TERRY L. WILLIAMS,<br><br>Plaintiff,<br>v.<br><br>CITY OF BOSTON, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br>NO. 10-10131-PBS |

**SUPPLEMENTAL REPORT AND RECOMMENDATION ON WILLIAM KELLEY'S MOTION FOR SUMMARY JUDGEMENT**

September 13, 2013

DEIN, U.S.M.J.

## I. INTRODUCTION

This case arises out of the arrest, prosecution and conviction of the plaintiff, Terry L. Williams ("Williams"), for the assault and battery of Bobbie Jean Horsley ("Horsley") on February 9, 2002. Williams claims that no such incident occurred, and that he was unlawfully framed for a crime which he did not commit. Following the reversal of his conviction and the dismissal of the criminal charges against him, Williams brought this action pro se against the defendants, the City of Boston ("City"), Boston police officers John Boyle and William Kelley, and 20 unnamed individuals from the Boston Police Department, for alleged violations of his constitutional and state law rights.

As a result of two rulings on motions for summary judgment, all claims have been dismissed except for Count III of the Complaint alleging that Officer Kelley is liable for

fabrication of evidence under 42 U.S.C. § 1983 in connection with his testimony at a pretrial hearing. (See Docket Nos. 106, 128). With respect to this claim, the District Judge has remanded the matter to this court for a determination as to whether Officer Kelley has absolute immunity for his testimony. (Docket No. 128). The parties have filed supplemental memoranda addressing this issue. (Docket Nos. 135, 136). This court concludes that, in light of the recent Supreme Court decision of Rehberg v. Paulk, 132 S. Ct. 1497, 182 L. Ed. 2d 593 (2012), Officer Kelley has absolute immunity for his testimony, even if, as Williams contends, it was false. Therefore, this court recommends to the District Judge to whom this case is assigned that Kelley's motion for summary judgment as to Count III of the Complaint be ALLOWED.

## II. STATEMENT OF FACTS

This Report and Recommendation assumes the reader's familiarity with the undisputed facts of this case, as detailed in the Report and Recommendation on Defendants' Renewed Motion for Summary Judgment issued on March 14, 2013. (Docket No. 123). For convenience, the facts relevant to the issue presently before this court will be summarized here. (See generally Docket No. 123 at 12-14).

Williams was arrested on February 9, 2002 for alleging stabbing Horsley in the hand with a knife. Officer Boyle filed an application for a criminal complaint against Williams, and Williams was arraigned on charges of breaking and entering at nighttime with intent to commit a felony, assault and battery by means of a dangerous weapon, and assault and battery.

On March 27, 2002, the Commonwealth filed a "Motion *in Limine* to Admit Spontaneous Utterances" in connection with the pending criminal case against Williams. Therein, the Commonwealth argued that Horsley had made "spontaneous utterances" to Boyle and Kelley shortly after the Officers arrived at 1431 Commonwealth Avenue in response to a report of domestic violence. It also requested that the trial court allow the Officers to testify as to the substance of those statements pursuant to the excited utterance exception to the hearsay rule.

A hearing on the Commonwealth's motion in limine took place in the West Roxbury District Court on July 31, 2002. During the hearing, the prosecutor conceded that the Commonwealth's ability to prosecute its case against Williams was dependent upon the admissibility of the Officers' testimony regarding Horsley's statements, since they were the only witnesses who would testify for the Commonwealth. The court then allowed counsel to conduct a voir dire of Kelley, who was the only witness available to testify at the hearing.

During his testimony before the court, Kelley described the circumstances surrounding Williams' arrest on February 9, 2002, including the substance of the discussion that he and Boyle claim they had with Horsley after the plaintiff was placed under arrest. Based on Kelley's testimony, the trial court allowed the motion in limine, which enabled the Commonwealth's case against Williams to continue to trial. Williams claims that Kelley's testimony was false, and that he was subjected to malicious prosecution as a result of Kelley's conduct. The issue presently before the court is whether

Kelley has absolute immunity as to any claims brought by Williams based on Kelley's testimony in court.

The criminal case against Williams proceeded to trial before a jury. See Commonwealth v. Williams, 65 Mass. App. Ct. 9, 9, 836 N.E.2d 335, 336 (2005). In accordance with the trial court's order on the Commonwealth's motion in limine, both Boyle and Kelley were allowed to testify regarding the substance of the statements that Horsley had allegedly made to them. See id. at 10-11, 836 N.E.2d at 337. At the conclusion of the trial, the jury returned a verdict in favor of Williams on the charges of breaking and entering at nighttime and assault and battery with a dangerous weapon, but found him guilty of assault and battery.

Williams subsequently appealed his assault and battery conviction to the Massachusetts Appeals Court claiming, among other things, that the trial judge had abused his discretion and violated Williams' rights under the confrontation clause of the Sixth Amendment by admitting Horsley's statements into evidence as excited utterances. Williams, 65 Mass. App. Ct. at 9, 836 N.E.2d at 336. The Appeals Court agreed, and on October 28, 2005, issued a decision reversing Williams' conviction and setting aside the jury verdict against him. Id. at 9, 14, 836 N.E.2d at 335, 339.

## III. ANALYSIS

In Count III of his complaint, Williams claims that Kelley should be held liable under 42 U.S.C. § 1983 because he provided false testimony at the hearing on the Commonwealth's motion in limine by describing a conversation that he had with Horsley,

and observations that he made of her, which were false. According to Williams, Kelley never had any conversations with Horsley at all. For the reasons detailed herein, Kelley is entitled to summary judgment on this claim as he is entitled to absolute immunity for his testimony at the pre-trial hearing.

**Absolute Immunity for Trial Testimony**

It was "well established in English common law" that parties and witnesses were immune "from subsequent damages liability for their testimony in judicial proceedings." Briscoe v. LaHue, 460 U.S. 325, 330-31, 103 S. Ct. 1108, 1113, 75 L. Ed. 2d 96 (1983). Thus, "the common law provided absolute immunity from subsequent damages liability for all persons – governmental or otherwise – who were integral parts of the judicial process." Id. at 335, 103 S. Ct. at 1115-16. After reviewing the history of this grant of immunity, as well as the language and policy behind 42 U.S.C. § 1983, the United States Supreme Court expressly held in Briscoe that police officers testifying at trial are immune from liability under § 1983. Id. at 345, 103 S. Ct. at 1121. As the Supreme Court has summarized its holding in Briscoe:

> When a witness is sued because of his testimony, the [Briscoe] Court wrote, 'the claims of the individual must yield to the dictates of public policy.' 460 U.S. at 332-333, 103 S. Ct. 1108 (quoting Calkins v. Sumner, 13 Wis. 193, 197 (1860)). Without absolute immunity for witnesses, the Court concluded, the truth-seeking process at trial would be impaired. Witnesses 'might be reluctant to come forward to testify,' and even if a witness took the stand, the witness 'might be inclined to shade his testimony in favor of the potential plaintiff' for 'fear of subsequent liability.' 460 U.S. at 333, 103 S. Ct. 1108.

Rehberg, 132 S. Ct. at 1505. For these reasons, a trial witness sued under § 1983 "has absolute immunity with respect to any claim based on the witness' testimony." Id.

**The Rehberg Decision**

In the recent case of Rehberg v. Paulk, the United States Supreme Court ruled that "[t]he factors that justify absolute immunity for trial witnesses apply with equal force to grand jury witnesses" and that there is no reason to treat law enforcement witnesses any differently from lay witnesses.[1] Id. at 1505. With respect to recognizing absolute immunity in connection with pre-trial grand jury proceedings, the Court ruled that immunity was needed because, like at trial, "a witness' fear of retaliatory litigation may deprive the tribunal of critical evidence." Id. Moreover, in connection with grand jury testimony, like trial testimony, "the possibility of civil liability was not needed to deter false testimony . . . because other sanctions – chiefly prosecution for perjury – provided a sufficient deterrent." Id. With respect to treating police witnesses in the same manner as lay witnesses, the Rehberg court, like the Briscoe court, held that even though law enforcement witnesses "are less likely to be intimidated by the threat of suit" and "false testimony by a police officer is likely to be more damaging than false testimony by a lay witness[,]" nevertheless "there are other factors not applicable to lay witnesses that weigh in favor of extending absolute immunity to police officer witnesses." Id. at 1506. These include the fact that police testify frequently, and may be "diverted from the pressing

[1] Although the jurisdictions have varied, this has long been the law in the First Circuit. See, e.g., Kyricopoulos v. Town of Orleans, 967 F.2d 14, 16 (1st Cir. 1992).

duty of enforcing the criminal law" if forced to defend against frequent claims of perjury by convicted defendants. Id. (citation omitted). "For these reasons," the Court ruled, "grand jury witnesses should enjoy the same immunity as witnesses at trial." Id.

Finally, the Rehberg court rejected the argument that witnesses at the grand jury should not be granted immunity because they are not "exposed to cross-examination, which is designed to expose perjury." Id. at 1509. As the Court ruled, "[t]his argument over-looks the fact that a critical grand jury witness is likely to testify again at trial and may be cross-examined at that time." Id. Moreover, the Court held, any such concern "is more than offset by a special problem that would be created by allowing civil actions against grand jury witnesses – subversion of grand jury secrecy." Id.

**The Instant Case**

Applying these principles to the instant case compels the conclusion that Kelley is entitled to absolute immunity for his testimony during the motion in limine hearing. There is no question that the hearing was part of the "judicial process" and thus the type of testimony for which absolute immunity was traditionally granted. See Mitchell v. City of Boston, 130 F. Supp. 2d 201, 212 (D. Mass. 2001) ("immunity should attach to the conduct that is intended to be protected by the grant of absolute immunity, namely, the participation in the judicial process."). Therefore, immunity should attach even assuming the testimony was false. Watterson v. Page, 987 F. 2d 1, 9 (1st Cir. 1993) ("immunity applies even to public officials who knowingly give false testimony."). Absolute immunity at the pre-trial motion stage is as important as it is during grand jury proceedings, or

at trial. Absent such immunity the court may be deprived of critical evidence, and since witnesses testifying falsely at a motion hearing may be charged with perjury, there is no need for the threat of civil litigation to deter false testimony. Similarly, the need to protect police witnesses remains the same at the motion stage of litigation as during the grand jury or trial stage. Finally, like the situation at trial (but unlike the situation before the grand jury), Kelley was exposed to cross-examination during the motion in limine hearing. Even before Rehberg, "[t]he majority of the circuits have afforded absolute immunity to witnesses, including police officers, charged under § 1983 for their allegedly perjurious testimony at various types of pretrial proceedings." Curtis v. Bembenek, 48 F.3d 281, 284-85 (7th Cir. 1995) (collecting cases). See also Brice v. Nkaru, 220 F.3d 233, 239 n.6 (4th Cir. 2000), and cases cited (witnesses at preliminary hearing entitled to absolute immunity). Rehberg further compels this conclusion by applying absolute immunity to non-adversarial pre-trial proceedings. For all these reasons, Kelley is entitled to absolute immunity in connection with his testimony at the motion hearing.[2]

## IV. CONCLUSION

[2] The First Circuit has denied absolute immunity to police officers for allegations made in warrant affidavits. Krohn v. United States, 742 F.2d 24, 31 (1st Cir. 1984). The import of Rehberg on this holding is unclear, and is beyond the scope of this decision. In Krohn, absolute immunity was denied because requesting a warrant was an administrative action, not a judicial activity, and because the witness was not subject to the rules of evidence or cross-examination – methods by which the factfinder "will be able to discern the truth." Id. at 31. In the instant case, the conduct at issue was the officer's testimony during a judicial proceeding and the officer was subject to cross-examination. Therefore, the concerns of the Krohn court have no application in the instant case.

For all the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that William Kelley's Renewed Motion for Summary Judgment (Docket No. 119) be ALLOWED, and that Count III against Officer Kelley be dismissed.[3]

                                                 / s / Judith Gail Dein
                                                 Judith Gail Dein
                                                 United States Magistrate Judge

---

[3] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-05 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).